### ESTATE OF LUCO RADOVICH.

No. 3640—Nov. 6, 1876.

LEGACY.—DEMONSTRATIVE.—Where a special fund is set apart to pay demonstrative legacies, the Court will not endanger the means of their payment, by directing the payment out of such fund of a legacy that may be satisfied, ultimately, from another source.

Construing section, C. C., 1357; affirmed, Sup. Court, April 7, 1880.

*G. W. Tyler*, for petitioner.

*A. D. Splivalo*, for executors.

This is a petition by Antonio Radovich for the payment of a legacy of $1,000.

Testator died Dec. 24, 1869, and his will was admitted to probate Jan. 28, 1870. At the time of his death his estate in this State consisted of $10,564, cash in the hands

of D. Ghirardelli, one of the executors, and other property of the value of $2,850. He had real estate in Virginia City, Nevada, from which the executors have since received rents amounting to $15,878.50; and January 7, 1876, they received $3,500 insurance on one of the buildings in Virginia City destroyed by fire during administration. That building was was under lease by testator for a term of years, having a year or so still to run; the tenant has erected a temporary building and is still paying the rent, $100 per month. The total of cash received from property in this State is $2,670.-48, of which $177 was from a coffee stand, and the balance collected from Ghirardelli. Ghirardelli has become a bankrupt, and an agreement has been made between himself and his co-executors by which the debt owing by him is being paid in instalments. The balance of cash on hand, as appears by the account rendered April 5, 1876, is $9,741.49, composed of the insurance money and rents received from the Virginia City property.

May 8, 1876, an order was made for the payment of fifty per cent. of the principal money of the cash legacies, which was paid except that to the petitioner, Antonio. Petitioner insists that the whole of his legacy, with interest from Dec. 24, 1870, should be paid out of any money in hand; while the executors claim that the insurance money should remain to erect permanent buildings at the close of the lease, and that the rents are to remain, to be disposed of as provided in the 10th, 11th and 12th clauses of the will.

The will gives to his brother, Biaggio, $1,000; to his brother Antonio $1,000; to his sister Angelica $500; to another, $500; to D. Ghirardelli $2,000 for the education of his nephew Giovanni; and provides, "it is my desire and I so order it that my debtors be not pressed, but that they be allowed by my executors reasonable time wherein to pay what is due to my estate. Then follow clauses:

10th—That the executors deposit in some savings bank in San Francisco all the rents derived from the property in Virginia City, Nevada, and all the rents and profits derived from his estate, and that the same be applied by them in the manner hereinafter mentioned.

11th—That out of said rents and profits the executors send to his mother $75 every six months during her life.

12th—That the executors give such education as they shall deem fit and proper to his nephews and nieces, children of Biaggio, and that all the expenses of said education be paid out of the rents and profits of his estate, and in the event that the same should not be sufficient to meet said expenses, the executors are directed to sell any of the real estate that may be necessary for the purpose.

13th—After all the above gifts and bequests are paid, and the expenses of the education of the children of Biaggio, the residue is bequeathed to the children of his brothers and sisters.

By the COURT: Looking at the provisions of the will, the persons named therein as beneficiaries, and the property then owned by him, as the testator must have looked at them at the time of his death, it appears that the money in the hands of Ghirardelli was ample to pay all debts, expenses, and the $3,000 legacies to his brothers and sisters, and that he intended that the rents of the Virginia City property should be used to maintain his mother and educate the children of his brother Biaggio.

It is true that he does not in terms make the legacies to the brothers and sisters demonstrative legacies, to be paid out of the California assets; but the annuity to the mother and amounts requisite to educate the children of Biaggio are demonstrative, to be paid out of the Virginia City property, the rents and profits of which are directed to be reserved for that purpose; which in effect confines the payment of the legacies to the brothers and sisters to the proceeds of the California assets, at least so long as the rents of the Virginia City property may be required for the annuity and the children.

Therefore the brothers and sisters will have to depend, at least for the present, upon the California assets, and cannot be paid out of the insurance money nor out of the rents of the Virginia City property.

The executors have sufficient funds in hand to pay all the legacies in full, and for rebuilding the destroyed building, without interfering with or jeopardizing the proper education of the nephews and neices, or the annuity; but on account of the terms of the will this Court has no power to apply the rents or proceeds of the Virginia City property to the payment of said legacies.

It may be mentioned that Ghirardelli has expended the $2,000 provided in the will for Giovanni Radovich.

The order for the payment of $500 to Antonio Radovich on account of his legacy is continued in force, but his present application for the payment of any further sum on account of his legacy is denied.